IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL, ) ) ) Plaintiff, ) ) v. ) ) THE CITIZENS BANK, and ) JAMES H. WEATHERFORD, ) Chairman, ) ) Defendants. ) | CASE NO. 2:21-CV-337-WKW [WO] |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' motion to dismiss, which is construed as also containing a motion to enjoin Plaintiff from filing further related actions in this court. (Doc. # 8.) The motions have been fully briefed. (Docs. # 11, 12.) For the reasons to follow, the motion to dismiss is due to be granted, and the motion for an injunction is due be granted to the extent that Plaintiff will be required to seek leave of court prior to filing any action in this court that relates to the bankruptcy proceedings in *In re Stage Door Development, Inc.*, No. 07-11638-DHW (M.D. Ala. Bankr., filed Nov. 26, 2007).

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, alleges that a radio station he once owned was wrongfully sold in an asset sale in bankruptcy court in 2008, and he seeks damages to the tune of $18 million. (Doc. # 1, at 15.) Defendants are The Citizens Bank and its chairperson, James H. Weatherford. In the bankruptcy case, The Citizens Bank was a secured creditor. (*See, e.g.*, Doc. # 1, at 9 ("Citizens Bank, under court order, was allowed to first sell a $3 million radio station for $1.1 million.").) The debtor was Stage Door Development, Inc. Plaintiff was not a party to the bankruptcy case; however, he was the president of Stage Door Development, Inc.

The contours of Plaintiff's claims are difficult to decipher.[1] Plaintiff brings ambiguous allegations about a gambling enterprise, a worthless security note, and The Citizens Bank's purported knowledge of the Federal Communications Commission's licensing of "signals that promote illegal activity." (Doc. # 1, at 16.) The allegations further relay a scheme in which Defendants allegedly were bullied

---

[1] This court is not the first to suffer through Mizell's rambling, incoherent, and disjointed pleadings:

> Mizell's filings are always difficult to understand—indeed, his short appeal to this court contains seemingly unrelated references to the Old Testament, eminent domain, food-product manufacturers, and administrative remedies available to the soul after death . . . .

*Mizell v. Carn*, No. CIV A 1:08CV822-MHT, 2008 WL 5429832, at *1 (M.D. Ala. Dec. 31, 2008).

2

by an official of a gambling enterprise to redirect the sale of a radio station to those who needed "FM and TV's operational control . . . for use as a 'Media Machine'" to expand gambling operations. (Doc. # 1, at 6.) Plaintiff cites a litany of laws, including Alabama statutes, state court decisions, criminal statutes, and a "cow tail" ruling.[2] (Doc. # 1, at 3.) The exhibits attached to the Complaint include filings in the bankruptcy proceedings and documents pertaining to the sale of the radio station. (*See* Doc. # 1-1 to 1-6.) The disjointed complaint does not set forth the basis of the court's subject matter jurisdiction.

## II. DISCUSSION

Defendants' arguments for dismissal fall into three categories. First, Defendants argue that the complaint supports neither diversity jurisdiction, *see* 28 U.S.C. § 1332(a), nor federal question jurisdiction, 28 U.S.C. § 1331. Defendants argue, therefore, that the complaint is due to be dismissed for lack of subject matter jurisdiction. Second, Defendants argue that, if the court finds subject matter jurisdiction, the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Third, Defendants contend that this lawsuit is an impermissible attempt to re-litigate issues in a bankruptcy case in this district that

---

[2] *See Coleman v. BAC Servicing*, 104 So. 3d 195, 205 (Ala. Civ. App. 2012) ("The note is the cow and the mortgage the tail. The cow can survive without a tail, but the tail cannot survive without the cow.") (quoting the Restatement (Third) of Property: Mortgages § 5.4)).

3

concluded more than ten years ago. (Doc. # 8, at 4–5.) The arguments are addressed in turn.

**A.     Plaintiff has not demonstrated subject matter jurisdiction.**

"While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Grady v. United States Dep't of Def.*, No. 16-14293-ROSENBERG, 2017 WL 35531, at *1 (S.D. Fla. Jan. 4, 2017), *aff'd sub nom. Grady v. United States Gov't*, 702 F. App'x 929 (11th Cir. 2017).  Plaintiff argues that federal question jurisdiction is proper because the "FCC regulates public airways."[3] (Doc. # 11, at 2; *see also* Doc. # 11, at 39 ("Plaintiff believes that USMD of Alabama has subject matter jurisdiction over the FCC federal question before it.").)

Bottomline, the jurisdictional allegations are specious.  "Federal question jurisdiction . . . is not satisfied merely because the dispute is in some way connected with a federal matter." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (citation and quotation marks omitted).  For federal question jurisdiction to anchor the suit, the dispute must "arise[] under federal law." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378–79 (2012).  And "[a] suit arises

---

[3] Plaintiff does not rely on diversity jurisdiction or refute Defendants' demonstration that complete diversity of citizenship is lacking.  *See* § 1332(a).

under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).

The federal law Plaintiff cites as the basis for federal question jurisdiction under § 1331 is the FCC's regulation of airwaves. The FCC's regulations and rules are set out in Title 47 of the Code of Federal Regulations. Plaintiff does not identify a specific FCC regulation. Even if he had, any connection between the FCC's regulation of airwaves and the claims against Defendants is too attenuated to form the basis for federal question jurisdiction. Plaintiff has not shown how an FCC regulation creates his right to relief. Plaintiff accuses Defendants of a "wrongful foreclosure," and Plaintiff has not alleged how the FCC's alleged licensing of "signals that promote illegal activity" creates a cause of action for Defendants' allegedly wrongful foreclosure. (Doc. # 1, at 16.) In sum, subject matter jurisdiction is lacking.

**B.     The complaint fails to state a claim for which relief can be granted.**

Alternatively, the court agrees with Defendants that the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff has sued a private entity and a private individual. To the extent that Plaintiff contends that Defendants deprived him of a Fifth Amendment[4] or Fourteenth Amendment[5] right (*e.g.*, a taking without just compensation (*see, e.g.*, Doc. # 11, at 2, 6, 30)), there are no plausible allegations from which to infer that Defendants committed the alleged deprivations "'under color of state law'" as is required to state a claim under 42 U.S.C. § 1983. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how . . . wrongful." *Id.* The complaint contains no allegations that Defendants were acting under color of state law during their alleged involvement in a wrongful foreclosure or were engaging in anything other than private conduct.

Relying on *Haines v. Kerner*, 404 U.S. 519 (1972), Plaintiff "seek[s] the court's indulgence" to entertain his action. (Doc. # 1, at 1.) In *Haines*, a 42 U.S.C. § 1983 action, the Supreme Court of the United States held that "the District Court erred in dismissing his *pro se* complaint without allowing him to present evidence on his claims." 404 U.S. at 520. *Haines* is distinguishable. In that case, a state

---

[4] "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[5] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

inmate had sued state officers and prison officials under § 1983. The officers and prison officials were state actors, and there was no challenge on appeal that they were not acting "under color of state law." *See id.* The only issue was whether the complaint stated a constitutional claim. Here, Plaintiff sues private parties, and allegations that Defendants acted under color of state law are missing. Even if this court could exercise subject matter jurisdiction over this action, the claims would not survive under Rule 12(b)(6).

**C.     Plaintiff cannot collaterally attack the final sale order of the bankruptcy court.**

Plaintiff's claims of a "wrongful foreclosure" are, at their core, challenges to the lawful order of the bankruptcy court approving the sale of Stage Door Development, Inc.'s radio station at an asset sale in 2008.[6] (*See* Doc. # 12-1.) "Final sale orders of bankruptcy courts may not be challenged or collaterally attacked outside of a particular method of challenges, objections and appeals." *In re Daewoo Motor Co. Ltd., Dealership Litig.*, No. MDL-1510, 2005 WL 8005218, at *7 (M.D. Fla. Jan. 6, 2005); *see also Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004) (holding that the plaintiff's claims alleging RICO violations "related

---

[6] The caption of Plaintiff's complaint includes a notation "wrongful foreclosure," and the body of the complaint reiterates the allegedly wrongful foreclosure no less than six times. (*See, e.g.*, Doc. # 1, at 2 ("Bankruptcy Chapter 7 case of Stage Door Development, Inc, case number 07-11638 was a wrongful foreclosure for want of 'proof of claim' evidenced by an original debt instrument."); *see also* Doc. # 1, at 1, 10, 11, 15, 17.)

to the . . . bankruptcy sale" and were "barred as impermissible collateral attacks because the bankruptcy sale conferred rights good as against the world, not merely rights good as against parties to the sale"). The bankruptcy court's final sale order of the radio station in which Plaintiff had an ownership interest was entered on July 3, 2008. (Doc. # 12-1.) Thereafter, in the bankruptcy case, Plaintiff unsuccessfully attempted twice to stop the sale of the radio station. *See In re Stage Door Develop., Inc.*, No. 07-11638-DHW (M.D. Ala. Bankr., filed Nov. 26, 2007), ECF Nos. 95, 96, 101, 106; (*see also* Doc. # 12-2.) And his subsequent appeal was rejected. *See Mizell v. Carn*, No. CIV A 1:08CV822-MHT, 2008 WL 5429832, at *1 (M.D. Ala. Dec. 31, 2008) (finding that if Plaintiff was appealing the July 3, 2008 bankruptcy order, it was untimely and that if he was appealing the order denying the motion to stop the sale, the appeal "was merely an attempt to relitigate the issue of the sale of assets that he failed to appeal timely . . .").

This suit, filed more than a decade later, seeks damages that allegedly flowed from the bankruptcy court's order approving the sale of the radio station.[7] This action is not a proper challenge, objection, or appeal of the final order of sale; it is a

---

[7] Plaintiff is no stranger to this court. *See Mizell v. United States*, Case No. 1:94-CV-1183-WHA (M.D. Ala., filed Sept. 14, 1994); *In re Stage Door Develop., Inc.*, Case No. 1:08-CV-786-MHT (M.D. Ala., filed Sept. 24, 2008); *Citizens Bank v. Mizell*, Case No. 1:09-CV-727-MHT (M.D. Ala., filed July 31, 2009); *Mizell v. Wells Fargo Bank, N.A.*, Case No. 1:14-CV-13-WHA (M.D. Ala., filed Jan. 3, 2014); *Mizell v. The City of Ozark*, Case No. 1:21-CV-110-ECM (M.D. Ala., filed Feb. 5, 2021); and *Mizell v. City of Ozark*, Case No. 1:21-CV-569-ECM (M.D. Ala., filed Aug. 27, 2021).

repetitive attempt to camouflage what is an impermissible collateral attack on the bankruptcy court's sale order. The claims are subject to dismissal as an impermissible collateral attack on the bankruptcy court's 2008 final sale order.

Finally, the claims are not brought in good faith. Plaintiff is well aware of the court's prior orders, entered in this court and in the bankruptcy court, rejecting his groundless arguments, denying his appeal, and holding him in civil and criminal contempt. *See In re Stage Door Dev., Inc.*, No. 07-11638-DHW, 2009 WL 2385080, at *1 (Bankr. M.D. Ala. July 31, 2009) (holding Plaintiff in civil contempt based upon his baseless "attempt to thwart the court-approved sale" of the radio station and to "harass the parties involved" by filing frivolous notices of liens against Citizens Bank and others, and recommending that Plaintiff be held in criminal contempt); *Citizens Bank v. Stage Door Dev., Inc.*, No. 1:09-CV-727-MHT (M.D. Ala., filed July 31, 2009), ECF No. 32 (adopting the bankruptcy court's recommendation to find Plaintiff guilty of criminal contempt).

### III. CONCLUSION

Dismissal of this action is required because subject matter jurisdiction is lacking. Alternatively, dismissal is required because the complaint fails to state a claim upon which relief can be granted and because this action amounts to an impermissible collateral attack on the bankruptcy court's final sale order.

Accordingly, it is ORDERED that Defendants' motion to dismiss (Doc. # 8) is GRANTED.

Further, Defendant's motion to enjoin Plaintiff from filing new actions related to the 2007 bankruptcy of Stage Door Development, Inc.—*In re Stage Door Develop., Inc.*, No. 07-11638-DHW (M.D. Ala. Bankr., filed Nov. 26, 2007)—is GRANTED.  Haywood Jackson Mizell is ENJOINED from filing any action related to said bankruptcy case in any federal court without first obtaining the permission of a district judge of this court.

Final judgment will be entered separately.

DONE this 3rd day of March, 2022.

                                        /s/ W. Keith Watkins  
                                UNITED STATES DISTRICT JUDGE